IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rebecca Oliver-Williams, | Case No.: 5:20-cv-808-SAL |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Walmart Stores East, LP, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Amend Complaint, ECF No. 27. Plaintiff seeks to join Kimberly Whitehead as a defendant in this action. [ECF No. 27-2]. Defendant Walmart Stores East, LP ("Walmart") opposes the motion and filed a response. [ECF No. 31]. In its response, Walmart asks the Court to exercise its discretion to deny joinder. *Id.* at 3. Plaintiff did not reply to the response, and the time to do so has passed. The motion is ripe for ruling.

## BACKGROUND

Plaintiff's action arises from an alleged incident in which Plaintiff was shopping in Walmart's retail store located in Orangeburg, South Carolina, when she slipped and fell on a slippery substance on the floor. [ECF No. 1-1]. Plaintiff filed this action in the Orangeburg County Court of Common Pleas on November 20, 2019, asserting a cause of action for negligence against Defendants Walmart Stores East and Courtney Cuylea. *Id.* On February 21, 2020, Defendants removed the action to the United States District Court for the District of South Carolina, Orangeburg Division, pursuant to 28 U.S.C. § 1441, and contemporaneously filed their Answer. [ECF Nos. 1, 4].

1

Defendants removed this action based on the complete diversity of citizenship between Plaintiff and Defendant Walmart. [ECF No. 1]. Defendant asserted that Courtney Cuylea was fraudulently joined as a defendant, so her South Carolina residency did not destroy diversity. *Id*. The parties do not dispute that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* [ECF Nos. 1, 9].

Following removal of this action, Plaintiff filed a Motion to Remand, arguing that Defendant Cuylea was not a sham defendant and requesting that the Court remand this case to the Orangeburg County Court of Common Pleas. [ECF No. 9]. Defendants timely filed a Response in Opposition to Plaintiff's Motion to Remand accompanied by an affidavit from Cuylea. [ECF No. 12-1].

A hearing was held before the Honorable Sherri A. Lydon on June 2, 2020. [ECF No. 25]. At the conclusion of the parties' arguments, Judge Lydon denied Plaintiff's Motion to Remand and dismissed defendant Cuylea as a defendant in this action. *See* [ECF No. 25]. On June 24, 2020, Plaintiff filed the motion currently before the Court: Motion to Amend Complaint. [ECF No. 27].

Plaintiff's proposed Amended Complaint seeks to add Kimberly Whitehead, a non-diverse citizen of South Carolina. [ECF No. 27]. According to the proposed amended complaint, Whitehead was the store manager and had substantial control and responsibility for the store as well as the condition of the floors at the time of Plaintiff's fall. [ECF No. 27-2]. Further, the proposed amended complaint alleges that "Whitehead was present at the time of Plaintiff's fall and reported to where Plaintiff fell." *Id.*

## LEGAL STANDARD

When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the court's analysis begins with 28 U.S.C. § 1447(e). This section provides the district court with two options: "the court may deny joinder or permit joinder and remand the action to the State court." *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999). Under 28 U.S.C. § 1447(e),

the decision to deny joinder or permit joinder and remand the action is committed to the sound discretion of the district court. *Id.* The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant. *Id.* In exercising its discretion, the district court is entitled to consider all relevant factors, including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.*

The doctrine of fraudulent joinder is not the applicable standard when a plaintiff seeks to join a nondiverse defendant *after* the case has been removed. *Id.* However, if the defendant carries its heavy burden of showing fraudulent joinder, that should be considered an important factor bearing on the equities under the fourth factor. *Id.* Here, as an initial matter, the defendants do not attempt to carry the fraudulent joinder burden in their response to the motion. [ECF No. 31]. Therefore, the Court does not consider the doctrine of fraudulent joinder in its analysis.

## DISCUSSION

Considering all relevant factors and balancing the equities, the Court finds it proper to permit joinder and remand the action. Taken together, the relevant *Mayes* factors weigh in favor of the Plaintiff. The Court will address each in turn.

### I. The Purpose of Plaintiff's Proposed Amendment is not to Defeat Federal Jurisdiction

To evaluate whether the purpose of a plaintiff's proposed amendment is to defeat federal jurisdiction, courts look to the chronology of events and the timing of the plaintiff's request to add a nondiverse defendant. *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-CV-00417-MBS, 2014 WL 12631658, at *4 (D.S.C. Mar. 7, 2014). Courts have suggested caution where no attempt was made to add the nondiverse defendant until after removal, even though the plaintiff possessed the

relevant facts well before suit was filed. *Id.* (citing *Newman v. Motorola, Inc.*, 218 F. Supp. 2d 783, 787 (D. Md. 2002)). Even more scrutiny is appropriate where a plaintiff's proposed amendment is sought almost immediately after removal but before any additional discovery has taken place. *See Daniels v. Food Lion, LLC*, No. 5:16-CV-00936-JMC, 2016 WL 6155739, at *1 (D.S.C. Oct. 24, 2016).

In contrast, courts have recognized that amendments based on newly discovered information are often sought for legitimate purposes. *Id.* (citing *Tye v. Costco Wholesale*, CIV.A. 2:05CV190, 2005 WL 1667597, at *4 (E.D. Va. June 14, 2005) (finding no improper purpose where it was "only after further investigation into the circumstances surrounding plaintiff's claim that it became apparent that [the individual defendants] had played significant roles")).

Here, Plaintiff made no attempt to add Whitehead as a defendant until after removal. However, Plaintiff conducted discovery before seeking this amendment. In the June 2, 2020 hearing, Plaintiff and Defendant made it clear that they were in the process of exchanging discovery. *See* Hr'g, p.18, June 2, 2020, ECF No. 25. The timing suggests that Plaintiff's amendment stems from newly discovered information regarding who exercised control as a manager on the day of the incident. Amendments based on newly discovered information are often sought for legitimate purposes. *Tye*, 2005 WL 1667579 at *4. Based on the chronology of events and timing of the Plaintiff's request, the Court finds that Plaintiff's amendment is sought for legitimate purposes.

## II.     The Plaintiff has not been Dilatory in Asking for Amendment

To determine whether a plaintiff has been dilatory in asking for amendment, courts consider the plaintiff's actions between the time plaintiff was aware of information potentially subjecting the defendant to liability and the filing of a motion to amend. *See Boykin*, 2014 WL 12631658 at *5. Put differently, courts consider whether the plaintiff could have sought an amendment earlier

than she did. *See Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D.W. Va. 1998) (finding dilatoriness when the plaintiff "was aware of the facts underlying the proposed allegations, such that [the plaintiff] could have . . . sought an amendment earlier than he did").

As an initial matter, Plaintiff filed its Motion to Amend in compliance with the Court's Amended Conference and Scheduling Order. [ECF Nos. 21, 27]. The Scheduling Order set the deadline for motions to amend pleadings on July 5, 2020. [ECF No. 21]. Plaintiff filed this motion on June 24, 2020. [ECF No. 27]. Further, it is not clear when Plaintiff was aware of the information potentially subjecting Whitehead to liability. Defendant points out that Whitehead allegedly responded to the incident, and thus interacted with Plaintiff the day of the alleged incident. [ECF No. 31 p.6]. However, this does not mean Plaintiff could have discerned whether Whitehead exercised substantial control over the premises potentially subjecting her to liability. *See Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 656 (D.S.C. 2006). In the weeks leading up to the motion to amend, the parties were exchanging discovery. Hr'g, p.18, June 2, 2020, ECF No. 25. This timeline suggests that Plaintiff was engaged in diligent discovery efforts, then promptly moved to amend her complaint once she discovered information potentially exposing Whitehead to liability. The Court finds that the Plaintiff has not been dilatory in asking for amendment.

### III.  Plaintiff will be Significantly Injured if Amendment is not Allowed

To determine whether Plaintiff will be significantly injured if amendment is not allowed, courts consider whether Plaintiff can be afforded complete relief from the existing defendants. *See Boykin*, 2014 WL 12631658 at *6. Defendant argues that, because Plaintiff can fully recover from Walmart for Whitehead's torts under the doctrine of *respondeat superior*, the Plaintiff will still be awarded complete relief if she establishes liability. *See Brundage v. MV Transportation, Inc.,* No.

5

16-CV-3634, 2017 WL 1207584 (D. Md. Apr. 3, 2017) (finding no significant injury where plaintiff could recover fully without joinder under the theory of *respondeat superior*). Further, Defendant points out that Plaintiff makes the same allegations against Whitehead and Walmart. [ECF No. 31 p.7]. Therefore, she fails to raise additional theories of liability or facts with respect to Whitehead upon which she could recover greater or different relief. *See Newman v. Motorola, Inc.*, 218 F. Supp. 2d 783, 787 (D. Md. 2002) (denying motion to amend where plaintiff failed to establish that denying joinder would cause significant injury in the form of reduced recovery from existing defendants).

However, under South Carolina law, a manager or employee can be personally liable, in addition to the store owner, for injuries that a customer sustains in the store if the manager or employee exercises a substantial level of control. *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 656 (D.S.C. 2006). An allegation that defendant exercises substantial control as a store manager is enough to allege this negligence cause of action. *Hardrick v. Wal-Mart Stores Inc.*, No. 9:18-CV-01345-DCN, 2018 WL 3867805, at *3 (D.S.C. Aug. 15, 2018) (Norton, J.). In the proposed amended complaint, Plaintiff alleges that Whitehead exercised substantial control over the store as manager. [ECF No. 27]. The Court finds that foreclosing the Plaintiff from pursuing this theory of liability would be a significant injury. While Defendant suggests that Walmart is the only appropriate defendant in this action, the Plaintiff would be prejudiced if she were not allowed to pursue recovery via all avenues the law provides. The Court finds that Plaintiff will be significantly injured if joinder is denied.

**IV.     Other Factors Bearing on the Equities Favor Permitting Joinder**

Defendant notes that it has an interest in retaining a federal forum. *Boykin*, 2014 WL 12631658 at *7. However, based on the nature of Plaintiff's lawsuit originally filed in state court,

it was foreseeable to Walmart that this action might be litigated in state court. *See Pryor v. D.R. Horton, Inc.,* No. CA 4:10-2255-TLW-SVH, 2011 WL 2036337, at *3 (D.S.C. Feb. 9, 2011), *report and recommendation adopted,* No. 4:10-CV-02255, 2011 WL 2020737 (D.S.C. May 20, 2011) ("It would have been foreseeable to [defendant] from the outset of this action, based on the nature of Plaintiff's lawsuit originally filed in state court and involving only state law claims . . . that federal jurisdiction premised on diversity might be destroyed with the addition of other defendants"). Further, defense counsel contemplated this exact series of events in the June 2, 2020 hearing: "Plaintiffs have an opportunity – another remedy they can amend when they find out the correct person. That's an opportunity that's available to them that's not closed if the Court allows us to remain in federal court." Hr'g, p.18, June 2, 2020, ECF No. 25.

Finally, the Court must consider the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources. *Pryor*, 2011 WL 2036337, at *3. If Plaintiff were to proceed to sue Whitehead in state court, this would be an inefficient use of judicial resources with the potential for inconsistent results.

## CONCLUSION

Considering all relevant factors and balancing the equities, the Court finds that it must exercise its discretion to permit joinder and remand this action. The relevant *Mayes* factors, taken together, weigh in favor of the Plaintiff. Accordingly, Plaintiff's motion to amend the complaint, ECF No. 27, is GRANTED. As of the filing date of this Order, January 27, 2021, Plaintiff's proposed

amended complaint, ECF No. 27-2, is the operative complaint in this action. This action is REMANDED to the Orangeburg County Court of Common Pleas.

IT IS SO ORDERED.

January 27, 2021
Florence, South Carolina

<u>/s/Sherri A. Lydon</u>
Sherri A. Lydon
United States District Judge